HENRIQUES et al., Appellants, v. MIRIAM OSBORN MEMORIAL HOME ASS'N et al., Respondents. (Supreme Court, Appellate Division, First Department. April 22, 1898.) Action by Leila O. Henriques and another against the Miriam Osborn Memorial Home Association, impleaded.

PER CURIAM. This case involves the precise questions that have been already decided in the case of Henriques v. Yale University, 51 N. Y. Supp. 284; and, for the reasons stated in the opinion in that case, the judgment herein must be affirmed, with costs.

HOFF, Respondent, v. HEFFORD, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Katherine Hoff against Robert R. Hefford. No opinion. Interlocutory judgment affirmed, with costs, and leave granted to withdraw the demurrer and answer upon payment of the costs of the demurrer and of this appeal. See 49 N. Y. Supp. 172.

HOFFMAN, Respondent, v. SOLVAY PROCESS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 7, 1898.) Action by Jacob Hoffman against the Solvay Process Company. E. J. Page and Louis L. Waters, for appellant. P. J. Ryan, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

ADAMS, J. (dissenting). The scaffold or platform upon which the plaintiff was at work at the time of the accident was an ordinary contrivance, and there is no dispute whatever as to its character. It consisted simply of two planks, one end of which rested upon a wooden horse, and the other upon a narrow cleat attached to the window casing. The planks were not nailed or fastened at either end, and this fact was perfectly patent to the most casual observer. Shortly after the plaintiff mounted the platform, the weight of the two persons thereon caused it to sag in the center, in consequence of which the end towards the window slipped off the cleat, as might have been expected. The plaintiff had abundant opportunity to acquaint himself with the condition of the structure had he made the slightest effort to do so; for he testified that as he stood upon it he was only eight feet from the window, that he could have seen if he had looked that the boards were not fastened to the cleat, and that it would not have taken him a minute to discover that fact. In these circumstances, it seems to me that it will hardly do to say that, because the platform had been constructed by the defendant, the plaintiff had a right to assume that it was all right and perfectly safe. The case relied upon by the plaintiff (Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449) was very different in many respects from the one we are considering. In that case much stress was laid upon the fact that the plaintiff had no opportunity to inspect the defective platform before it gave way; that it was doubtful if he could have discovered its defective condition had he looked; and that he had the personal assurance of the defendant's foreman that it was entirely safe. That case, therefore, with these elements in it, presented an issue of fact which ought properly to have been submitted to the jury; but here we think the rule which requires a party to take notice of a risk or defect which is perfectly obvious should have been applied; and inasmuch as the plaintiff conceded that the defect was obvious, and that he was utterly indifferent to it, he ought, in my opinion, to have been nonsuited. Shaw v. Sheldon, 103 N. Y. 667, 9 N. E. 183; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Diebolt v. Baking Co., 72 Hun, 403, 25 N. Y. Supp. 205.

HOPKINS v. CLARK. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) In the matter of the application of Burton J. Hopkins for an order that an execution issue, etc., against Frank W. Clark, as administrator with the will annexed of John Clark, deceased. No opinion. Motion granted, with $10 costs, unless the appellant shall, within 20 days, make, serve, and file an undertaking, and pay $10 costs of opposing the motion.

HOWARD et al., Appellants, v. CITY OF ROCHESTER, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Henry C. Howard and others against the city of Rochester. No opinion. Judgment affirmed, with costs.

HYLAND, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by George Hyland against the New York Central & Hudson River Railroad Company. No opinion. Motion for reargument denied, without prejudice to an application for leave to appeal to the court of appeals. See 41 N. Y. Supp. 1119, and 48 N. Y. Supp. 416.

In re INTERNATIONAL SOC. OF HOTEL EMPLOYES. (Supreme Court, Appellate Division, First Department. April 7, 1898.) In the matter of the International Society of Hotel Employés. No opinion. Motion granted, with $10 costs.

ISAACS et al. v. CALDER. (Supreme Court, Appellate Division, First Department. April 7, 1898.) Action by David J. Isaacs and another against Mary E. Calder. No opinion. Motion granted, with $10 costs.

KEE, Appellant, v. HIP SING TONG SOC., Respondent. (City Court of New York, General Term. May 10, 1898.) Action by Quon Kee against the Hip Sing Tong Society. J. P. Solomon, for appellant. George W. Glaze, for respondent.

O'DWYER, J. The printed papers on appeal do not contain the papers upon which the warrant was granted, nor all the papers recited in the order appealed from; nor are they certified to by the clerk, as required by rule 8 of the rules of the city court, and such certificate is

not waived by any stipulation on the part of the respondent. The appeals are therefore dismissed, with $10 costs on each appeal. Schuchmann, J., concurs.

KEEN et al., Appellants, v. JOHNSON, Respondent. (Supreme Court, Appellate Division, First Department. May 20, 1898.) Appeal from special term. Action by Charles B. Keen and another against Charles A. Johnson. From an order striking case from special term calendar, plaintiffs appeal. Affirmed. R. B. Moffatt, for appellants. E. T. Paul, for respondent.

· PER CURIAM. The order, so far as it directs that this cause should be stricken from the special term calendar, was proper. The action should be tried at a trial term of the court, where it properly belongs. So much of the order, therefore, as grants the ·motion to strike the cause from the special term calendar, with costs, should be affirmed. But the court below, having all the facts before it, should not have provided for a further application as to the mode of trial. So much of the order, therefore, as grants leave to either party to apply as he may be advised for an order directing the mode of trial of issues in the action, should be stricken out. No costs to either party of this appeal.

KELLY v. ERNEST. (Supreme Court, Appellate Division, First Department. April 7, 1898.) Action by Sydenham Kelly against Caroline J. Ernest. No opinion. Motion dismissed. See 49 N. Y. Supp. 896.

KEMFF, Respondent, v. MARTIN et al., Appellants. · (City Court of New York, General Term. May 20, 1898.) Action by George H. Kemff against George W. Martin and others. Henry B. Corey, for appellants. Julius Offenbach, for respondent.

PER CURIAM. Order appealed from affirmed, with costs.

KERBER, Respondent, v. NILES, Appellant. (Supreme Court, Appellate Term. February, 1898.) Action by Ferdinand Kerber against Nathaniel Niles. Henry T. Brennan, for appellant. Alfred & Charles Stecker, for respondent. No opinion. Judgment affirmed, with costs. See 48 N. Y. Supp. 444.

KITTINGER, Respondent, v. BUFFALO TRACTION CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Joseph Kittinger against the Buffalo Traction Company, impleaded, etc. No opinion. Motion granted, and questions filed with the clerk. See 49 N. Y. Supp. 713.

KOCH, Respondent, v. NIES, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Karl Koch against Charles Nies. No opinion. Judgment and order affirmed, with costs.

KOENIG et al., Respondents, v. BLOOMGARTEN, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1898.) Action by Edward Koenig and others against Henry Bloomgarten. No opinion. Order of the county court granting a new trial affirmed, with costs to abide the event. See 50 N. Y. Supp. 1129.

LYMAN, Respondent, v. COREY, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Henry H. Lyman, as state commissioner of excise of the state of New York, against George C. Corey.

PER CURIAM. Order affirmed, with $10 costs and disbursements, without prejudice to a new motion to change the place of trial to any county. Held, that the moving affidavits are defective in that they fail to state the residence and address of the witnesses, also fail to state that the witnesses will testify to the facts alleged to be material to the defense. See Tuska v. Wood, 81 Hun, 79, 30 N. Y. Supp. 523; Hayes v. Garson, 25 App. Div. 116, 49 N. Y. Supp. 220; also, opinion of Green, J., in Lyman v. Gramercy Club (of this term) 50 N. Y. Supp. 1004.

LYNCH et al., Respondents, v. CARTER et al., Appellants. (Supreme Court, Appellate Division, First Department. April 7, 1898.) Action by Alonzo K. Lynch and another against Emma J. Carter and others. J. G. De La Hare, for appellants. A. C. Coursen, for respondents. No ·opinion. Order affirmed, with $10 costs and disbursements.

McCARTHY, Appellant, v. LEHIGH VAL. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Bridget McCarthy, as administratrix, etc., against the Lehigh Valley Railroad Company. No opinion. Judgment affirmed, with costs.

McCLOSKEY, Appellant, v. NEW YORK & N. J. BRIDGE CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 29, 1898.) Action by Felix McCloskey against the New York & New Jersey Bridge Company. No opinion. Order reversed, with $10 costs and disbursements, and motion for preference granted, on the authority of Knox v. Dubroff, 17 App. Div. 290, 45 N. Y. Supp. 271, on the ground that the right to a preference under rule 36 does not depend upon the value of the property attached.

McCORD, Appellant, v. PRATT et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Franklin D. McCord against Pratt & Lambert. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to a new motion on proper papers.

McINTYRE et al., Appellants, v. DAVID, Respondent. (Supreme Court, Appellate Division, First Department. March 25, 1898.) Action by Thomas H. McIntyre and others against Theophilus David. W. H. Van Ben-